# UNITED STATES DISTRICT COURT
## Southern District of Florida
### Miami Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| **ROBERT DAVIS (01)** | Case Number: **1:11CR20678(S)-MOORE** |
| | USM Number: **97521-004** |
| | |
| | Counsel For Defendant:**Manuel Gonzalez** |
| | Counsel For The United States:**Olivia S. Choe** |
| | Court Reporter:**Gilda Pastor-Hernandez** |

**The defendant pleaded guilty to count(s) 1, 6, 7, 12, and 13 of a 16 Count Superseding Indictment.**

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18:1951(a) | Conspiracy to interfere with commerce by threats or violence by robbery (Hobbs Act) | 06/30/2011 | 1 |
| 18:1951(a),(2) | Interfering with commerce by threats or violence by robbery (Hobbs Act) | 04/26/2011 | 6 |
| 18:924(c)(1)(A)(ii) | Brandishing a firearm in the furtherance of a crime of violance | 04/26/2011 | 7 |
| 18:1951(a),(2) | Interfering with commerce by threats or violence by robbery (Hobbs Act) | 05/15/2011 | 12 |
| 18:924(c)(1)(A)(ii) | Brandishing a firearm in the furtherance of a crime of violance | 05/15/2011 | 13 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**All remaining counts are dismissed on the motion of the government.**

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: **11/21/2013**

**K. MICHAEL MOORE**
**United States District Judge**

Date: November 21st, 2013

DEFENDANT: **ROBERT DAVIS (01)**
CASE NUMBER: **1:11CR20678(S)-MOORE**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **535 Months. This term consists of 151 months as to Counts 1, 6 and 12, to be served concurrently with each other; 84 months as to Count 7, to be served consecutively to Counts 1, 6 and 12; and 300 months as to Count 13 to be served consecutively to Counts 1, 6, 7 and 12.**

**The court makes the following recommendations to the Bureau of Prisons: Designation to a facility in South Florida to be as close as possible to his family; participation in the drug abuse treatment program, if and when eligible**

**The defendant is remanded to the custody of the United States Marshal.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

_____

_____


Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **ROBERT DAVIS (01)**
CASE NUMBER: **1:11CR20678(S)-MOORE**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 Years. This term consists of 3 years as to counts 1, 6 and 12 and 5 years as to counts 7 and 13, all such terms to be served concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **ROBERT DAVIS (01)**
CASE NUMBER: **1:11CR20678(S)-MOORE**

## SPECIAL CONDITIONS OF SUPERVISION

**Permissible Search** - The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

DEFENDANT: **ROBERT DAVIS (01)**
CASE NUMBER: **1:11CR20678(S)-MOORE**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine   | Restitution |
|--------|------------|--------|-------------|
| TOTALS | $500.00    | $0.00  | $15,089.00  |

**Restitution with Imprisonment** - It is further ordered that the defendant shall pay restitution in the amount of $15,089.00. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

\*\*Assessment due immediately unless otherwise ordered by the Court.

DEFENDANT: **ROBERT DAVIS (01)**
CASE NUMBER: **1:11CR20678(S)-MOORE**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

### A. Lump sum payment of $500.00 due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

This assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:

**U.S. CLERK'S OFFICE**
**ATTN: FINANCIAL SECTION**
**400 NORTH MIAMI AVENUE, ROOM 08N09**
**MIAMI, FLORIDA 33128-7716**

**The assessment/fine/restitution is payable immediately. The Clerk is instructed to immediately disburse restitution to all victims on the attached list. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

**Total Restitution Amount:** **$15,089.00** Joint and Several Restitution with Co-defendants in United States District Court, Southern District of Florida Case Number 1:11-CR-20678-MOORE, as follows:

| Victim | Amount | Co-defendants |
|---|---|---|
| Shell | $ 500.00 | Robert Davis, Montavis Middleton and Fabian Warren |
| Family Dollar | $ 1,000.00 | Robert Davis, Montavis Middleton and Fabian Warren |
| Doral Ale House | $ 8,534.00 | Robert Davis, Montavis Middleton, Fabian Warren and Eric Hanna |
| Farm Stores | $ 200.00 | Robert Davis, Montavis Middleton, Kendrick Lowe and Trevor Ransfer |
| CVS Hialeah | $ 500.00 | Robert Davis, Montavis Middleton, Kendrick Lowe and Trevor Ransfer |
| CVS Kendall | $ 500.00 | Robert Davis, Montavis Middleton, Kendrick Lowe and Trevor Ransfer |
| Wendy's | $ 750.00 | Robert Davis, Montavis Middleton, Kendrick Lowe and Trevor Ransfer and Eric Hanna |
| Ms. Barbara Aguirre | $3,105.00 | Robert Davis, Montavis Middleton, Kendrick Lowe and Trevor Ransfer |

**The Government shall file a preliminary order of forfeiture within 3 days.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.